836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rusty Allen BENNETT, individually and on behalf of himself
and other inmates of the jail, Plaintiff-Appellant,
v.
Robert WESTFALL, individually and in his official capacity
as Sheriff of Jackson County, West Virginia, Stan Rawlings,
individually and in his official capacity as Jackson County
Commissioner and Representative of all other members of the
Commission, Roger Fisher, individually and in his official
capacity as Jackson County Commissioner and President of the
Jackson County Commission, and as Representative of all
other members of the Commission, Emerson Snyder,
individually and in his official capacity as Jackson County
Commissioner, and as Representative of all other members of
the Commission, Jackson County Commission, Rick Casto,
individually and in his official capacity as Jailer, Annable
Durst, individually and in her official capacity as Clerk of
the Jackson County Commission, Defendants-Appellees.
 No. 86-7673.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 23, 1987.
Decided Jan. 8, 1988.
 
 Rusty Allen Bennett, appellant pro se.
 George Joseph Cosenza, Cosenza & Underwood, John D. Huffman, Prosecuting Attorney, for Appellees Westfall and Casto, John D. Hoffman, Prosecuting Attorney, Ralph E. Phillips, for appellees Rawlings, Fisher, Snyder, and Durst.
 Before JAMES DICKSON PHILLIPS, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rusty Allen Bennett, a West Virginia inmate, appeals from a verdict entered for the defendants in his 42 U.S.C. Sec. 1983 action. Bennett sued a sheriff, a clerk, a jailer, and several commissioners of Jackson County alleging that numerous conditions at the Jackson County Jail violated his constitutional rights. After Bennett presented his evidence at trial, the defendants moved for and were granted a verdict in their favor. Thereafter, Bennett appealed and requested a free transcript of the trial. The district court reviewed his request for a transcript and found that there was no substantial question of law or fact to be raised on appeal. The court pointed out that the brief presentation of Bennett's case-in-chief at trial revealed a complete failure of proof. Thus, the court denied Bennett's motion for a free transcript.
 
 
 2
 On appeal Bennett does not explain why he needs a transcript, nor does he specify a substantial question of law or fact to be raised on appeal.
 
 
 3
 After thoroughly reviewing the record and Bennett's filings on appeal, we are unable to find that this appeal presents a substantial question warranting preparation of a transcript at government expense. 28 U.S.C. Sec. 753(f). Finding no error in the district court's order denying relief under 42 U.S.C. Sec. 1983, we dispense with oral argument, as it will not significantly aid in the decisional process, and affirm the judgment below.
 
 
 4
 AFFIRMED.